# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MARVIN L. CHARLES, Sr.,

    Plaintiff,

    v.

STATE OF CALIFORNIA, *et al.*,

    Defendants.

Case No. 3:22-cv-00141-SLG-KFR

**REPORT AND RECOMMENDATION TO**

**ORDER DISMISSAL FOR LACK OF JURISDICTION**

On June 3, 2022, Marvin L. Charles, Sr., a self-represented litigant (hereinafter "Plaintiff"), filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983, along with a civil cover sheet and an Application to Waive the Filing Fee.[1] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B).

**I.    Screening Requirement**

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[2] In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i)    is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.[3]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted

---

[1] Dkts. 1–3.
[2] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).
[3] 28 U.S.C. § 1915(e)(2)(B).

as true, "state[s] a claim to relief that is plausible on its face."[4]  In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" [7]

## II. Discussion

### A. Complaint

Plaintiff names the State of California and Los Angeles, California as defendants.[8]  Plaintiff's Complaint is hard to decipher due to his interchangeable reference to Marvin Charles, Jr., and Marvin Charles, Sr.  Plaintiff, using the first-person pronoun "I" in reference to Marvin Charles, Jr., alleges that he has "been locked up since August 1st, 2019, . . . because of my wrongful arrest, and was taken out of Alaska [illegally], and the warrant was expired[.]"[9]  However, Plaintiff later refers more clearly to Marvin Charles, Jr., as his son[10] and says that "the victim said Marvin Jr. was not the guy that broke into her house" and "Long Beach Calif. lost Marvin L. Charles, Jr. [original] file and the discovery."[11]  Plaintiff states that Marvin

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).
[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).
[6] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[8] Dkt. 1 at 1.
[9] *Id.*
[10] Dkt. 1-1 at 5.
[11] *Id.*

REPORT AND RECOMMENDATION 2
*Charles v. St. CA, et al.*
3:22-cv-00141-SLG-KFR
Case 3:22-cv-00141-SLG-KFR   Document 5   Filed 10/11/22   Page 2 of 8

Charles, Jr.'s "case started in 2004 in the State of Calif."[12] Lastly, Plaintiff alleges that "Ketchikan court house said Marvin Jr. was crazy and can't take care of himself. Marvin Jr. Has a very large family."[13] In support of his Complaint, Plaintiff submits 116 pages of exhibits, largely comprised of letters of support and assertions of tribal jurisdiction over Marvin Charles, Jr., and printed documents addressing tribal policy, tribal relations, and federal law effecting tribes.

In its totality, the Court interprets this Complaint as Marvin Charles, Sr., attempting to file a complaint on behalf of his son, Marvin Charles, Jr.. However, as explained below, he lacks standing to do so. In addition, Plaintiff does not make a request for relief, nor is the Complaint signed.[14]

### B. Standing

Article III standing "is the threshold question in every federal case" which determines whether the court has the power to hear a lawsuit.[15] In order to have standing to sue, a plaintiff must (1) allege that he suffered "injury in fact" or is imminently threatened with such injury; (2) allege that the injury is "fairly traceable to" the defendant's violation of some legal norm; and (3) show that the harm he has alleged will be "redressable" by the relief that he seeks.[16] Absent a sufficient personal stake in the outcome of the litigation as indicated by these three inquiries, standing to sue will be denied. Therefore, third-party claims or generalized grievances, where a citizen is unable to allege particularized injury to himself apart from the interest in governmental regularity, are generally off-limits to federal courts.[17]

---

[12] *Id.* at 3.
[13] *Id.*
[14] *Id.* at 7.
[15] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).
[16] *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1 (2004).
[17] *See Valley Forge Christian College v. Americans United*, 454 U.S. 464 (1982); *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

REPORT AND RECOMMENDATION
*Charles v. St. CA, et al.*
3:22-cv-00141-SLG-KFR
3
Case 3:22-cv-00141-SLG-KFR   Document 5   Filed 10/11/22   Page 3 of 8

As mentioned above, the Court's interpretation of this complaint is that Plaintiff, a self-represented litigant, is making allegations regarding the treatment of his son within the criminal justice system in the State of California.[18] A self-represented plaintiff does not have standing to assert the constitutional claims of other people.[19] This includes a parent or guardian attempting to raise a claim on behalf of a child or family member.[20] Accordingly, Plaintiff does not have Article III standing, and therefore, the Court lacks jurisdiction over this matter.[21]

### III. Legal Standards

#### A. Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. Rule 8 also requires a demand for relief.[22]

Plaintiff fails to plead sufficient facts to plausibly allege a claim in violation of Rule 8. As pled, Plaintiff tells a narrative about Marvin Charles, Jr. However, no specific claims are made as to Plaintiff Marvin Charles, Sr.'s own rights. Additionally, without a demand for relief, Rule 8 has not been satisfied. While the lack of standing alone is dispositive of this action, the Court provides the following guidance because Plaintiff also fails to meet Rule 8 pleading requirements.

---

[18] Dkt. 1-1 at 5.
[19] *United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990).
[20] *See Johns v. Ctny of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997).
[21] In addition to Plaintiff's lack of standing, based on the facts presented, the Court cannot discern any apparent venue it may have over this case.
[22] Fed. R. Civ. P. 8(a)(3).

## B. Civil Rights Claims Under 42 U.S.C. § 1983

Claims under 42 U.S.C. § 1983 have specific required elements that a plaintiff must plead. Section 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[23] Constitutional rights are those conferred by the United States Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[24] Section 1983 does not provide a cause of action for violations of state law.[25] In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[26]

Importantly in a § 1983 action, claims must demonstrate causation, or show how the alleged defendant, acting under color of state law, violated the plaintiff's federal rights. A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"[27] The required causal connection "may be established when an official sets in motion a 'series of acts by

---

[23] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))
[24] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027-28 (9th Cir. 1999).
[25] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).
[26] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
[27] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."[28]

Section 1983 also requires that a defendant must be "acting under the color of state law."[29] The question of whether a person who has allegedly caused a constitutional injury was acting under the color of state law is a factual determination.[30] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[31]

This essential element of the statute limits who may be a proper defendant under § 1983. For instance, private citizens, state governmental agencies, and states are generally not proper defendants in a § 1983 action.[32] States have sovereign immunity due to the Eleventh Amendment of the U.S. Constitution, which makes them immune from suit unless that immunity is waived.[33] "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not 'persons' under [Section] 1983."[34]

In a § 1983 action, a defendant may be sued in either an individual or an official capacity. For a defendant to be individually liable under § 1983, that defendant must personally participate in an alleged rights deprivation.[35] "In a

---

[28] *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).
[29] *West*, 487 U.S. at 49.
[30] *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002).
[31] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).
[32] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).
[33] *In re New York*, 256 U.S. 490, 497 (1921) (holding federal courts may not hear suits against a state brought by their own citizens, "because of the fundamental rule of which the [Eleventh] Amendment is but an exemplification."); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).
[34] *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).
[35] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).

REPORT AND RECOMMENDATION 6
*Charles v. St. CA, et al.*
3:22-cv-00141-SLG-KFR
Case 3:22-cv-00141-SLG-KFR   Document 5   Filed 10/11/22   Page 6 of 8

§ 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."[36] A defendant sued in their individual capacity may be held liable for money damages.[37]

Alternatively, in a § 1983 action, a plaintiff may sue a defendant in an official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is an officer or employee.[38] A plaintiff suing a defendant in their official capacity is not required to allege the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."[39] Instead, a plaintiff must only (1) "identify the law or policy challenged" and (2) "name the official within the entity who can appropriately respond to injunctive relief."[40] However, a defendant sued in their official capacity may not be sued for damages, only for injunctive relief.[41]

In this action, Plaintiff has named the State of California. Under § 1983, Plaintiff cannot sue the State of California or any of its governmental branches, agencies, divisions, offices, or departments. In order to properly bring a § 1983 claim, Plaintiff must name a permissible state actor defendant who caused him harm, indicate the capacity in which the defendant acted, and state a corresponding demand for relief.

**IV. Conclusion**

Because Plaintiff is a self-represented litigant, he may not plead claims on behalf of another person. Accordingly, Plaintiff does not have Article III standing, and this Court lacks jurisdiction. Furthermore, Plaintiff failed to plead sufficient plausible facts and the procedural elements to meet the pleading requirements of

---

[36] *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).
[37] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).
[38] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).
[39] *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).
[40] *Id.*
[41] *See Will v. Mich. Dep't. of State Police*, 491 U.S. 64, 71 n.10.

Rule 8 of Federal Civil Procedure and a civil rights action under 42 U.S.C. § 1983.

**IT IS THEREFORE RECOMMENDED:**

1. This action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.
2. All pending motions should be **DENIED AS MOOT**.
3. The Clerk of Court should enter a final judgment.

DATED this 7th day of October, 2022 at Anchorage, Alaska.

*/s/ Kyle F. Reardon*
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[42] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[43]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[44] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[45]

---

[42] 28 U.S.C. § 636(b)(1)(B).
[43] 28 U.S.C. § 636(b)(1)(C).
[44] *Id.*
[45] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

REPORT AND RECOMMENDATION 8
*Charles v. St. CA, et al.*
3:22-cv-00141-SLG-KFR
Case 3:22-cv-00141-SLG-KFR   Document 5   Filed 10/11/22   Page 8 of 8